**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                        Case No.:        3:14-cr-178-J-34JBT

STEVE ONEAL GEORGE

_____/

**ORDER**

This case is before the Court on Defendant Steve Oneal George's "Emergency Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of Covid-19." (Doc. 249, Motion). George, age 33, is incarcerated at Montgomery FPC, serving a 105-month term of imprisonment for (1) conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of cocaine base, as well as methylone, and marijuana; (2) using and carrying a firearm in relation to a drug trafficking crime; and (3) breaking or entering a carrier facility. (Doc. 210, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released on March 30, 2022. George seeks early release from prison under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he has asthma and a history of smoking. However, George states that he has not satisfied § 3582(c)(1)(A)'s exhaustion requirement because he believes Covid-19 should excuse him from doing so. Motion at 5. He offers no evidence that he has tried to exhaust his administrative remedies.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

1

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

George has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. Instead, he argues that the Covid-19 crisis ought to excuse him from satisfying either of the statute's exhaustion alternatives. But as the Third Circuit Court of Appeals recently held, Covid-19 does not permit courts to disregard the statute's exhaustion requirement. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). "Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." Id.; see also United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020) (rejecting the argument that courts can create equitable carveouts to the compassionate release statute's exhaustion requirement). The

compassionate release statute "says a 'court may not' grant relief without complying with the exhaustion requirement, 18 U.S.C. § 3582(c), and thus operates as an 'unyielding procedural requirement[ ].'" Alam, 960 F.3d at 834 (quoting United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020)). Because Defendant has not even attempted to exhaust his administrative remedies regarding compassionate release, he is ineligible for a sentence reduction under § 3582(c)(1)(A) at this time.

Accordingly, Defendant Steve Oneal George's "Emergency Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of Covid-19" (Doc. 249) is **DENIED without prejudice** subject to renewal upon satisfying § 3582(c)(1)(A)'s exhaustion requirement.[1]

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant

---

[1] To the extent George requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).